# UNITED STATES COURT OF APPEALS FOR THE SEVENTH CIRCUIT



Everett McKinley Dirksen
United States Courthouse
Room 2722 - 219 S. Dearborn Street
Chicago, Illinois 60604

Office of the Clerk
Phone: (312) 435-5850
www.ca7.uscourts.gov

**ORDER**

September 20, 2024

*By the Court:*

| | |
|---|---|
| Nos. 24-2643 & 24-2644 | BENJAMIN SCHOENTHAL, et al.,<br>Plaintiffs - Appellees<br><br>v.<br><br>KWAME RAOUL, et al.,<br>Defendants - Appellants |
| **Originating Case Information:** ||
| District Court No: 3:22-cv-50326<br>Northern District of Illinois, Western Division<br>District Judge Iain D. Johnston ||

The court, on its own motion, orders these appeals are **CONSOLIDATED** for purposes of briefing and disposition.

A preliminary review of the short records indicates that the judgment is deficient. A judgment must provide relief to which the prevailing party is entitled. *Hyland v. Liberty Mutual Fire Ins. Co.*, 885 F.3d 482, 483 (7th Cir. 2018). The judgment entered in this case fails to do so.

For declaratory-judgment actions, district courts must declare specifically and separately the respective rights of the parties, not simply state in a memorandum opinion, minute order, or a form prescribed for judgments in a civil case that a motion has been granted or denied. *Calumet River Fleeting Inc. v. Int'l Union Operating Engineers*, 824 F.3d 645, 651 (7th Cir. 2016); *see Phila. Indemnity Ins. Co. v. The Chicago Tr. Co.*, 930 F.3d 910, 912 (7th Cir. 2019) (court remanded case with instructions "to enter a new judgment that implements the district judge's opinion, abides by Rule 58, and resolves the whole case"). Rule 58(b)(2) of the Federal Rules of Civil Procedure also requires that the judge, not a clerk, review and approve the form of a declaratory judgment. *Greenhill v. Vartanian*, 917 F.3d 984, 987 (7th Cir. 2019).

In this case, the clerk of court—not the judge—entered and signed the judgment. In the judgment, the court states that judgment is entered in favor of the plaintiffs except that two

Nos. 24-2643 & 24-2644 Page 2

defendants are "terminated per order" but it provides no relief to the plaintiffs. The parties have an obligation to ensure that the district court has issued a fully compliant Rule 58 judgment. *Phila. Indemnity*, 930 F.3d at 912. Accordingly,

**IT IS ORDERED** that both appellants and appellees shall file, on or before October 4, 2024, a brief memorandum stating why these appeals should not be remanded to the district court to enter a proper judgment. Briefing is **SUSPENDED** pending further court order.