Nos. 24-2643, 24-2644 (consol.)

IN THE
UNITED STATES COURT OF APPEALS
FOR THE SEVENTH CIRCUIT

| | |
|---|---|
| BENJAMIN SCHOENTHAL, MARK WROBLEWSKI, JOSEPH VESEL, and DOUGLAS WINSTON, | ) Appeal from the United States ) District Court for the Northern ) District of Illinois, Western ) Division |
| Plaintiffs-Appellees, | ) |
| v. | ) ) |
| KWAME RAOUL, in his official capacity as Attorney General of Illinois; ROBERT BERLIN, in his official capacity as State's Attorney of DuPage County, Illinois; and KIMBERLY M. FOXX, in her official capacity as State's Attorney of Cook County, Illinois, | ) No. 3:22-cv-50326 ) ) ) ) ) ) ) The Honorable ) IAIN D. JOHNSTON, |
| Defendants-Appellants. | ) Judge Presiding. |

**JOINT MEMORANDUM**

All parties — Defendants-Appellants Kwame Raoul, in his official capacity as Attorney General of Illinois; Robert Berlin, in his official capacity as State's Attorney of DuPage County, Illinois; Kimberly M. Foxx, in her official capacity as State's Attorney of Cook County, Illinois; and Plaintiffs-Appellees Benjamin Schoenthal, Mark Wroblewski, Joseph Vesel, and Douglas Winston — submit this memorandum as required by this court's September 20, 2024 order. 7th Cir. Doc. 2.[*] Although the court unquestionably has jurisdiction over the appeal, *see* 7th Cir. Doc. 5, the parties

---

[*] Entries on the district court's docket are cited "Doc." and entries on this court's docket are cited "7th Cir. Doc."

1

agree that the judgment entered by the lower court does not comply with Rule 58. In the parties' view, the court could permissibly proceed to merits briefing notwithstanding the error, given that the district court's opinion declares the respective rights of the parties (even if the judgment does not). But the parties do not oppose a limited remand for the sole purpose of entering a compliant judgment if the court chooses to proceed in that manner.

This case is a constitutional challenge to an Illinois statute that restricts the circumstances under which individuals can lawfully carry concealed weapons on public transportation. *See* 430 ILCS 66/65(a). Plaintiffs brought suit in 2022 alleging that the provision violates their Second Amendment rights and seeking declaratory and injunctive relief. Doc. 1 at 20-21 (prayer for relief). The parties filed cross-motions for summary judgment, and on August 30, 2024, the district court issued an opinion granting plaintiffs' motion in part and denying it in part. Doc. 108 at 49. Specifically, the district court denied plaintiffs' motion to the extent that it sought injunctive relief and to the extent that it alleged claims against the state's attorneys of DeKalb County and Lake County. *Id*. at 49. But the district court's opinion set out the court's intent to "grant[] declaratory relief" against Defendants-Appellants, and declared that the challenged statutory provision "violates the Second Amendment" as applied to the named plaintiffs' proposed courses of conduct, namely "carrying a concealed firearm for self-defense" on public-transit systems within Defendants-Appellants' prosecutorial jurisdiction. *Id*. at 49-50. The district court also issued a separate Rule 58 judgment "in favor of" the plaintiffs and "against"

Defendants-Appellants. Doc. 109. But the judgment, which was signed by an official in the clerk's office, did not itself declare the rights of the parties or set out other relief to which plaintiffs were entitled. *Id.*

The parties agree that the judgment entered by the district court does not comply with Rule 58. As this court has explained, "[a] judgment must provide the relief to which the prevailing party is entitled." *Greenhill v. Vartanian*, 917 F.3d 984, 987 (7th Cir. 2019); *accord, e.g.*, *Hyland v. Liberty Mut. Fire Ins. Co.*, 885 F.3d 482, 483 (7th Cir. 2018); *Cooke v. Jackson Nat'l Life Ins. Co.*, 882 F.3d 630, 631 (7th Cir. 2018). The judgment entered by the district court does not do so. The judgment also does not show that it was reviewed and approved by the judge, which is required under Rule 58(b)(2). *Greenhill*, 917 F.3d at 987.

To be sure, as this court explained in *Hyland*, this court has appellate jurisdiction notwithstanding the error. Under *Bankers Trust Co. v. Mallis*, 435 U.S. 381 (1978), the courts of appeal have appellate jurisdiction over any appeal in which there is no serious dispute that the case is over, notwithstanding the lack of a proper judgment. *See Bankers Trust*, 435 U.S. at 387 (appellate jurisdiction proper where district court "clearly evidenced its intent that the opinion and order from which an appeal was taken would represent the final decision in the case"); *Wis. Cent. Ltd. v. TiEnergy, LLC*, 894 F.3d 851, 854 (7th Cir. 2018). That is the case here: The district court issued an opinion fully resolving the pending motions and specifying the relief to which the plaintiffs are entitled, and even entered a separate judgment, albeit not one compliant with Rule 58. *See* Doc. 108 at 49-50; Doc. 109. There is thus no

3

serious question that the case is over, and this court has appellate jurisdiction. *See Bankers Trust*, 435 U.S. at 387; *Hyland*, 885 F.3d at 484.

In the parties' view, the court could permissibly proceed to merits briefing, because it has appellate jurisdiction (as discussed above) and because the district court's opinion granting declaratory relief "declare[s] specifically and separately the respective rights of the parties," as this court has held is required of a declaratory judgment, even if the separate Rule 58 judgment does not. *Calumet River Fleeting, Inc. v. Int'l Union of Operating Engineers, Loc. 150, AFL-CIO*, 824 F.3d 645, 651 (7th Cir. 2016); *see* Doc. 108 at 49-50. But the parties also do not oppose a limited remand for the sole purpose of entering a compliant judgment, if the court would prefer to proceed in that manner.

## CONCLUSION

The court has appellate jurisdiction, but the judgment does not comply with Rule 58. The court should thus either proceed to merits briefing notwithstanding the error or order a limited remand for the sole purpose of issuing a compliant judgment (while otherwise retaining jurisdiction over the appeal).

|  |  |
|---|---|
|  | Respectfully submitted, |
| /s/ David G. Sigale | KWAME RAOUL |
| DAVID G. SIGALE | Attorney General |
| Law Firm of David G. Sigale, P.C. | State of Illinois |
| 55 W. 22nd St., Suite 230 |  |
| Lombard, Illinois 60148 | /s/ Alex Hemmer |
| (630) 452-4547 | ALEX HEMMER |
| dsigale@sigalelaw.com | Deputy Solicitor General |
|  | 115 South LaSalle Street |
| Attorney for Plaintiffs | Chicago, Illinois 60603 |
|  | (312) 814-5526 (office) |
|  | (773) 590-7932 (cell) |
|  | alex.hemmer@ilag.gov |
|  |  |
|  | Attorneys for Defendants Raoul and Berlin |
|  |  |
|  | KIMBERLY M. FOXX |
|  | State's Attorney of |
|  | Cook County |
|  |  |
|  | /s/ Jessica M. Scheller |
|  | JESSICA M. SCHELLER |
|  | Assistant State's Attorney |
|  | 50 West Washington, 5th Floor |
|  | Chicago, Illinois 60602 |
|  | (312) 603-6934 |
|  | jessica.scheller@cookcountysao.org |
|  |  |
| October 3, 2024 | Attorneys for Defendant Foxx |

5

## CERTIFICATE OF FILING AND SERVICE

I hereby certify that on October 3, 2024, I electronically filed this joint memorandum with the Clerk of the Court for the United States Court of Appeals for the Seventh Circuit using the CM/ECF system.

All participants in the case are registered CM/ECF users and service will be accomplished by the CM/ECF system.

/s/ Alex Hemmer
ALEX HEMMER