# IN THE UNITED STATES COURT OF APPEALS
# FOR THE SEVENTH CIRCUIT

| | |
|---|---|
| BENJAMIN SCHOENTHAL, *et al.*, <br> *Plaintiffs-Appellees*, <br> v. <br> KWAME RAOUL, *et al.*, <br> *Defendants-Appellants.* <br> BENJAMIN SCHOENTHAL, *et al.*, <br> *Plaintiffs-Appellees*, <br> v. <br> EILEEN O'NEILL BURKE, <br> *Defendant-Appellant.* | Case Nos. 24-2643, 24-2644 |

## **SUGGESTION OF MOOTNESS AS TO PLAINTIFF JOSEPH VESEL**

Plaintiffs hereby respectfully notify the Court that Plaintiff Joseph Vesel's claim is moot because the Public Transit Ban no longer applies to him. Plaintiff Vesel has recently become an officer with the University of Chicago Police Department. Under Illinois law, members of the University of Chicago Police Department have the authority of municipal police officers and county sheriffs. 110 ILCS 1020/1. They are also licensed as special police in the city of Chicago. *See* CHI., ILL., ORDINANCE O2011-7316 (2011), https://perma.cc/UGC2-ZNU2; *see also* CHI., ILL., MUNICIPAL CODE ch. 4-340, https://perma.cc/4NN8-SSQN. Pursuant to his

1

appointment as a University of Chicago Police Officer, Vesel has the authority to carry a handgun concealed on his person for his personal protection when off duty without respect to his possession of an Illinois carry license. *See* 720 ILCS 5/24-2(a)(1) (exemption from general ban on unlicensed public carry for peace officers); *id.* § 5/2-13 (definition of peace officer); *see also* General Order 312.3.2, UNIV. OF CHI. POLICE DEP'T, https://perma.cc/R4CQ-9WFG.

As such, the Public Transit Ban, which, by its terms applies only to those who are carrying firearms pursuant to a carry license, no longer applies to him. *See* 430 ILCS 66/65(a)(8) ("A licensee under this Act shall not knowingly carry a firearm on or into … [a]ny bus, train, or form of transportation paid for in whole or in part with public funds, and any building, real property, and parking area under the control of a public transportation facility paid for in whole or in part with public funds.").

Plaintiffs note that while this change renders Vesel's claim moot, it does not otherwise alter this case as Plaintiffs Schoenthal, Winston, and Wroblewski retain standing to challenge the Public Transit Ban.

Dated: May 23, 2025                    Respectfully submitted,

| | |
|---|---|
| David G. Sigale | /s/ David H. Thompson |
| LAW FIRM OF DAVID G. SIGALE, P.C. | David H. Thompson |
| 55 West 22nd Street, Suite 230 | Peter A. Patterson |
| Lombard, IL 60148 | John D. Ohlendorf |
| (630) 452-4547 | William V. Bergstrom |
| dsigale@sigalelaw.com | COOPER & KIRK, PLLC |
| | 1523 New Hampshire Ave., N.W. |
| | Washington, D.C. 20036 |
| | (202) 220-9600 |
| | Facsimile: (202) 220-9601 |
| | dthompson@cooperkirk.com |
| | ppatterson@cooperkirk.com |
| | johlendorf@cooperkirk.com |
| | wbergstrom@cooperkirk.com |

*Attorneys for Plaintiffs-Appellees*

## CERTIFICATE OF SERVICE

I hereby certify that on May 23, 2025, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will cause a copy of the document to be served electronically on all parties or their counsel.

/s/David H. Thompson
David H. Thompson

*Attorney for Plaintiffs-Appellees*