# UNITED STATES COURT OF APPEALS FOR THE SEVENTH CIRCUIT

Everett McKinley Dirksen
United States Courthouse
Room 2722 - 219 S. Dearborn Street
Chicago, Illinois 60604



Office of the Clerk
Phone: (312) 435-5850
www.ca7.uscourts.gov

**ORDER**

July 1, 2025

*Before*

KENNETH F. RIPPLE, *Circuit Judge*
AMY J. ST. EVE, *Circuit Judge*
JOSHUA P. KOLAR, *Circuit Judge*

| Nos. 24-2643 & 24-2644 | BENJAMIN SCHOENTHAL, et al., <br> Plaintiffs - Appellees <br> v. <br> KWAME RAOUL et al., <br> Defendants - Appellants |
|---|---|
| **Originating Case Information:** | |
| District Court No: 3:22-cv-50326 <br> Northern District of Illinois, Western Division <br> District Judge Iain D. Johnston | |

The panel has determined that supplemental briefing is required. Defendant-appellant Eileen O'Neill Burke argues that a favorable decision would not redress plaintiffs-appellees' injury because even without 430 ILCS 66/65(8), other restrictions prohibit plaintiffs-appellees from carrying firearms on public transit. Burke relies on CTA Ordinance 016-110 as one such independent restriction. That ordinance forbids riders from possessing or carrying weapons, including firearms, but does not appear to apply to individuals who are authorized under Section 5/24-2 of the Illinois Criminal Code to carry weapons onto transit. In turn, Section 5/24-2(a-5) discusses the carrying of firearms by persons with a valid concealed carry license. Defendant-appellant Burke and plaintiffs-appellees are directed to address how Ordinance 016-110 would operate in the absence of 430 ILCS 66/65(8), as well as any other CTA rule that may prohibit plaintiffs' desired conduct.

In addition, defendant-appellant Burke and plaintiffs-appellees shall also address whether the Supreme Court's recent decision in *Gutierrez v. Saenz*, 606 U.S. ----, No. 23-7809,

2025 WL 1758506 (U.S. June 26, 2025) affects the redressability analysis. Plaintiffs-appellees may additionally add anything they wish the panel to consider on the interplay between CTA Ordinance O16-110 and the Illinois statutory authority discussed above.

Defendant-appellant Kwame Raoul shall file a position statement on whether plaintiffs-appellees have standing.

The supplemental briefs are due within 10 days of this order and shall take the form specified for reply briefs in the Federal Rules of Appellate Procedure and the corresponding Circuit Rules, except that the cover should be tan. FED. R. APP. P. 32(a)(2). The position statement shall not exceed 5 pages and is also due within 10 days of this order.

form name: **c7_Order_BTC**     (form ID: **178**)