Nos. 24-2643, 24-2644 (consol.)

IN THE
UNITED STATES COURT OF APPEALS
FOR THE SEVENTH CIRCUIT

| | |
|---|---|
| BENJAMIN SCHOENTHAL, MARK WROBLEWSKI, JOSEPH VESEL, and DOUGLAS WINSTON, <br><br> Plaintiffs-Appellees, <br><br> v. <br><br> KWAME RAOUL, in his official capacity as Attorney General of Illinois; ROBERT BERLIN, in his official capacity as State's Attorney of DuPage County, Illinois; and EILEEN O'NEILL BURKE, in her official capacity as State's Attorney of Cook County, Illinois, <br><br> Defendants-Appellants. | Appeal from the United States District Court for the Northern District of Illinois, Western Division <br><br><br><br><br><br> No. 3:22-cv-50326 <br><br><br><br><br><br><br><br> The Honorable <br> IAIN D. JOHNSTON, <br> Judge Presiding. |

**STATE DEFENDANTS' POSITION STATEMENT**

On July 1, 2025, the Court directed state defendants to provide a position statement on whether plaintiffs have standing. In state defendants' view, plaintiff Douglas Winston likely has standing. Winston seeks to carry firearms on Chicago Transit Authority ("CTA") trains and buses; the relevant CTA ordinance is likely best read to permit individuals who are entitled to carry firearms under state law on public transit to do so on CTA property; and Winston would be such a person were section 66/65(a)(8) of the Concealed Carry Act held unconstitutional. Because at least Winston likely has standing, the Court has no need to address whether any

1

other plaintiff has standing. *See Biden v. Nebraska*, 600 U.S. 477, 489 (2023) ("If at least one plaintiff has standing, the suit may proceed.").

To demonstrate standing, a plaintiff "must allege . . . injury fairly traceable to the defendant's allegedly unlawful conduct and likely to be redressed by the requested relief." *Metro. Washington Airports Auth. v. Citizens for Abatement of Aircraft Noise, Inc.*, 501 U.S. 252, 264 (1991). To show redressability, the plaintiff must show that it is "likely," not "speculative," that its "injury will be remedied by the relief [it] seeks." *Soc'y of Divine Word v. USCIS*, 129 F.4th 437, 447 (7th Cir. 2025).

Winston has likely established an injury redressable by a favorable judgment. Winston attests, and the district court found, that he is licensed to carry a handgun under the Concealed Carry Act and he wishes to carry concealed firearms on CTA trains and buses. Doc. 64-5, ¶¶ 5, 8; SA9.[1] Section 66/65(a)(8) of the Concealed Carry Act bars him from doing so and imposes criminal penalties for failure to comply. 430 ILCS 66/65(a)(8); *id.* § 66/70(e). The district court entered judgment in favor of Winston and against defendants, holding that section 66/65(a)(8) violates Winston's Second Amendment rights. *See* SA49-50; Doc. 130. That judgment, if affirmed by this Court, would redress Winston's injuries by precluding enforcement of section 66/65(a)(8) against him, permitting him to carry concealed firearms on CTA buses absent the threat of enforcement of that state law.

---

[1] This filing cites entries on the district court's docket as "Doc.," the County's opening brief as "Burke AT Br." and the short appendix as "SA."

Although, as the County observes, the CTA separately prohibits carriage of firearms on its property, Burke AT Br. 11-12, in state defendants' view, the CTA's ordinance likely does not affect the redressability analysis. That is because, in state defendants' view, that ordinance is likely best read to permit all individuals who are entitled to carry firearms under state law on public transit to also carry firearms on CTA property. Because Winston would be such a person if the declaratory judgment were affirmed, it is thus "likely," *Soc'y of Divine Word*, 129 F.4th at 447, that at least one injury that he has established — his inability to carry firearms on CTA trains and buses — would be redressed by an opinion affirming the judgment below.

As the panel observed in its July 1 order, although CTA Ordinance No. 016-110 prohibits the carriage of a "weapon," including "guns," on CTA property, the ordinance also exempts "those individuals authorized under Section 5/24-2 of the Illinois Criminal Code to carry weapons onto transit" from that prohibition. CTA Ord. No. 016-110(1)(28); *see* 720 ILCS 5/24-2. In state defendants' view, that exemption is likely best read to permit anyone who is entitled under state law to carry firearms on public transit to also carry firearms on CTA property. Most obviously, the exemption plainly permits those individuals who under state law are permitted to carry firearms "while commuting between their homes and places of employment" — including prison officials, railroad police officers, and certain private security guards, *see* 720 ILCS 5/24-2(a)(2), (4), (5) — to also do so on CTA property. But the exemption also presumably goes further: Unlike the other exempted professionals, section 24-2 does not specifically authorize peace officers to carry

3

firearms "while commuting between their homes and places of employment," as opposed to more broadly, *see id.* § 24-2(a)(1), but the ordinance appears best read to permit peace officers, too, to carry firearms on CTA property (rather than to impose an idiosyncratic barrier to police officers' carriage). *Cf. Corbett v. Cnty. of Lake*, 104 N.E.3d 389, 396 (Ill. 2017) ("It is a fundamental principle of statutory construction (and, indeed, of language itself) that the meaning of a word cannot be determined in isolation, but must be drawn from the context in which it is used." (cleaned up)).

In state defendants' view, then, the exemption is likely best read to bring the ordinance in line with state law generally, such that a person permitted to bring firearms on public transit under state law is not separately prohibited from doing so by the ordinance. That reading would be consistent with the rule that "[m]unicipal ordinances must be in harmony with the general laws of the state." *City of Chicago v. Union Ice Cream Mfg. Co.*, 96 N.E. 872, 873 (Ill. 1911). And under that reading, if the Court were to affirm the judgment below, because Winston would be entitled to carry concealed, loaded handguns on public transit consistent with state law — as a "person . . . issued a currently valid license under the Firearm Concealed Carry Act," 720 ILCS 5/24-2(a-5) — he would likewise be entitled to carry firearms on the CTA consistent with the ordinance. Under that reading of the ordinance, the judgment Winston seeks would redress at least one injury he has established — his inability to carry firearms on CTA buses and trains — and he would accordingly have standing.

For that reason, in state defendants' view, plaintiff Douglas Winston likely has standing, but, for the reasons set out in state defendants' briefs, the district court erred in concluding that section 66/65(a)(8) violates the Second Amendment.

Dated:  July 11, 2025                                   Respectfully submitted,

                                                        KWAME RAOUL
                                                        Attorney General
                                                        State of Illinois

                                                        /s/ Alex Hemmer
                                                        ALEX HEMMER
                                                        Deputy Solicitor General
                                                        115 S. LaSalle St.
                                                        Chicago, Illinois 60603
                                                        (312) 814-5526 (office)
                                                        (773) 590-7932 (cell)
                                                        alex.hemmer@ilag.gov

                                                        Counsel for Defendants Raoul and
                                                        Berlin

# CERTIFICATE OF FILING AND SERVICE

I certify that on July 11, 2025, I electronically filed this position statement with the Clerk of the Court for the United States Court of Appeals for the Seventh Circuit using the CM/ECF system.

All other participants in this case are CM/ECF users and will be served by that system.

/s/ Alex Hemmer
ALEX HEMMER
